[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12492
Non-Argument Calendar

_____

D. C. Docket No. 03-20412-CV-ASG

DANIEL C. GAMO,
MICHAEL A. MAGGIO,

Plaintiffs-Appellants,

versus

UNITED STATES,
UNITED STATES CUSTOMS SERVICE,
TOM ROLAND,
JEFFREY BALDWIN,
JERRY LONG, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 15, 2005)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

In this civil rights action brought against the United States, the U.S. Customs Service, and three Customs Service agents pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 <u>et. seq.</u>, 42 U.S.C. §§ 1985, 1986, and 28 U.S.C. § 1367 case, the district court, ruling on defendants' alternative motions to dismiss and for summary judgment, granted defendants summary judgment on Counts I, II, IV, V, VI, VII, and VIII of plaintiffs' amended complaint. <u>See</u> Order on Motion to Dismiss Complaint or, in the alternative, Motion for Summary Judgment, dated February 28, 2005. This disposed of all of plaintiff Maggio's claims. As for Count III, plaintiff Gamo's claim for assault and battery, the court concluded that that count failed to state a claim for relief. <u>Id.</u> The court gave Gamo leave to amend Count III by a date certain so to identify the persons who allegedly committed the assault and battery and the constitutional rights purportedly infringed. The court's order stated that Gamo's failure to amend Count III would result in a dismissal without further notice. <u>Id.</u> Gamo failed to amend Count III. The court therefore dismissed the case with prejudice, entering final judgment for defendants on all claims. <u>See</u> Order Dismissing Case in its Entirety, dated March 25, 2005. Maggio and Gamo now appeal.

Plaintiffs' amended complaint asserted claims for false arrest and imprisonment and illegal search of plaintiffs' persons and seizure of their currency, in violation of the Fourth Amendment; assault and battery upon plaintiff Gamo; deprivation of plaintiffs' property without due process, in violation of the Fifth Amendment; imposition of excessive fines, in violation of the Eighth Amendment; conspiracy under 42 U.S.C. § 1985;  and "neglect to prevent" unlawful acts under 42 U.S.C. § 1986.

Plaintiffs contend that summary judgment was improper because defendants did not file a concise statement of material facts, and, although there were disputed issues of material fact, plaintiffs were not required to point out those disputed facts because the defendants had not met their burden to show that they were entitled to summary judgment.  Plaintiffs also contend that the district court could not grant the motion to dismiss because it considered matters outside the pleadings and, moreover, improperly acted as a fact finder.

We find no error in the manner in which the court handled the matter.  The court did not improperly convert defendants' motion to dismiss into a motion for summary judgment because defendants' motion explicitly relied on the summary judgment rule, Fed. R. Civ. P. 56.  Even if we were to conclude that the court failed to comply with Rule 56's requirement that the non-movant be given ten days'

3

notice of the court's intention to take a motion for summary judgment under advisement, we would find the error harmless because plaintiffs were well aware of defendants' reliance on Rule 56, as evidenced by the arguments they made and the documents they submitted in response to defendants' motion.

In this case, the material facts are not in dispute; hence, it was ripe for summary judgment consideration. The question thus becomes whether the court erred in granting summary judgment (as well as defendants' motion to dismiss Count III).

The district court dispositive order of February 28, 2005, contains an accurate statement of plaintiffs' claims and the applicable law. We discern no error in the court's application of that law to plaintiffs' claims. The court's judgment is due to be affirmed.

AFFIRMED.